**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CARL A. BENDER, ) | CASE NO: 5:12-cv-02197 |
| ) | |
| Plaintiff, ) | JUDGE BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| CAROLYN W. COLVIN, ) | |
|    Acting Commissioner of Social ) | |
|    Security, ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Defendant. ) | |

On February 8, 2016, Plaintiff, Carl A. Bender, through his attorney, Kirk B. Roose, filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,885.00. (Doc. No. 28.) The following day, this matter was referred for a Report and Recommendation to address the above motion. (Doc. No. 29.) On March 15, 2016, the Commissioner filed a response indicating that "she will not be filing an objection to Plaintiff's Application for Attorney Fees." (Doc. No. 33.)

Previously, on November 27, 2012, Judge Christopher A. Boyko entered a Stipulated Order remanding this matter "pursuant to the sixth sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)." (Doc. No. 12.) Almost two years later, the Commissioner filed a motion for leave to reinstate the case, which Plaintiff opposed, while Plaintiff sought to enforce the order of remand. (Doc. Nos. 13-16.) On August 20, 2014, in a Report and Recommendation, this Court recommended that the motion to reinstate the case be denied while the motion to enforce remand be granted. (Doc. No. 18.) A subsequent Report and Recommendation reiterated these

recommendations. (Doc. No. 24.) On October 2, 2014, Judge Boyko adopted the Report and Recommendations. (Doc. No. 25.) In its Judgment Entry, the District Court again indicated that the case was remanded pursuant to the sixth sentence of 42 U.S.C. § 405(g).

In the EAJA application, counsel indicates that of the requested fees, $4,944.00 is for services rendered before this Court, and $941.00 is for services at the administrative level following remand which counsel characterizes as "*Hudson* services" based on the Supreme Court's decision in *Sullivan v. Hudson*, 490 U.S. 877 (1989). (Doc. No. 28 at p. 3.) In *Hudson*, the Supreme Court concluded that "where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA.")

The Court finds the requested amount for work performed before this Court – $4,944.00 for 25.5 hours of attorney services and work performed by legal assistants – to be reasonable. Nevertheless, though the Commissioner has not opposed the request for fees for services performed at the administrative level, some separate discussion of that issue is warranted. The First Circuit Court of Appeals observed that "the holding in *Hudson* turned out to be at odds with later Supreme Court cases regarding sentence four remands ...." *Castañeda-Castillo v. Holder*, 723 F.3d 48, 70 (1st Cir. 2013) (noting that "in the context of a social security case, *Hudson* will only

2

apply to sentence-six remand cases"); *see also Curtis v. Shalala*, 12 F.3d 97, 101 (7th Cir. 1993) (finding that *Hudson*'s ruling allowing the recovery of attorney fees in post-remand proceedings was no longer good law where remand was made under sentence-four, but that *Hudson* "retains its vitality with respect to remands in sentence-six cases.") (*citing Shalala v. Schaefer*, 113 S. Ct. 2625, 2631 n. 4 (1993)); *accord Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006) (acknowledging the *Schaefe*r holding that "*Hudson* remains good law as applied to remands ordered pursuant to sentence six.") Because the remand in this matter was made pursuant to sentence six and the Commissioner does not contest Plaintiff's entitlement to compensation for *Hudson* services performed at the administrative level, the Court finds those fees are also reasonable. Therefore, the undersigned recommends that the Court award Plaintiff a total of $5,885.00 in attorney fees pursuant to the EAJA. This award shall satisfy all of Plaintiff's claims for fees and expenses under 28 U.S.C. § 2412.

Finally, the materials in support of Plaintiff's EAJA application reflect that Plaintiff has assigned any award of EAJA fees to counsel. (Doc. No. 28-7.) Nevertheless, pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), any EAJA award should be made payable to Plaintiff and not his attorney so that any pre-existing debt owed by Plaintiff to the government may be subject to administrative off-set. However, if counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant shall direct that the award be made payable to Plaintiff's counsel subject to the assignment signed by Plaintiff and his counsel, and shall direct the Treasury Department to mail any check in this matter to the business

address of Plaintiff's counsel.

s/ *Nancy A. Vecchiarelli*<br>U.S. MAGISTRATE JUDGE

Date: March 16, 2016

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985)*, reh'g denied,* 474 U.S. 1111.